# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HORATIO O. GREER**, | : | **CIVIL ACTION NO. 1:07-CV-2248** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **YORK COUNTY PRISON**, <u>et al.</u> | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Horatio O. Greer ("plaintiff"), a former inmate housed at the York County Prison, commenced this civil rights action on December 12, 2007, naming as defendants the York County Prison, Warden Thomas Hogan, and Corrections Officer Larry L. Bortner. (Doc. 1.) Presently before the court is defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10.) For the reasons set forth below, defendants' motion will be granted in part and denied in part.

**I.     Allegations of the Complaint**

Plaintiff alleges that he was "harassed and targeted" by defendant Bortner. He also alleges that he "was retaliated against for filing a lawsuit against the county," and that in retaliation for filing the lawsuit, he was issued a false misconduct and removed from the "outmate" program.[1]  (Doc. 1, at 4, 6.)

---

[1] According to plaintiff "outmate" is the inmate work release program at the York County Prison. (Doc. 1, at 6.)

**II.    Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499

F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Montville Twp. v. Woodmont Builders, LLC, 244 Fed. Appx. 514, 517 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.  Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

**A.     York County Prison**

A § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). A prison or correctional facility is also not a "person" within the meaning of § 1983. See Phippen v. Nish, 223 Fed. Appx. 191, 192 (3d Cir. 2007), citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). Pursuant to the above standards, the York County Prison is clearly not a "person" and may not be sued under § 1983. Defendants' motion will be granted as to the York County Prison.

**B.     Warden Thomas Hogan**

In order to state Section 1983 claim, a plaintiff must establish that each defendant had personal involvement in the alleged wrongs since liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode, *supra*. Personal involvement may be shown by either personal direction or actual knowledge and acquiescence in a subordinate's actions. Id. In summary, to maintain a claim for supervisory liability, plaintiff "must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir.1995)).

As noted by defendants, plaintiff makes no specific allegations against defendant Hogan.  Because plaintiff fails to allege that defendant Hogan was personally involved in conduct that amounted to a constitutional violation, the claim against defendant Hogan is subject to dismissal.

**C.     Corrections Officer Larry L. Bortner**

1.     <u>Verbal Harassment</u>

Allegations of verbal assault do not rise to the level of a constitutional violation.  Mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights.  <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973); <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979) (finding verbal harassment in the form of threatening to hang an inmate is insufficient to state a constitutional deprivation under § 1983 ).  "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."  <u>Dewalt v. Carter</u>, 224 F.3d 607, 612 (7th Cir. 2000).  Accordingly, plaintiff's allegations that defendant Bortner verbally  harassed him do not state a cognizable claim.

2.     <u>Retaliation</u>

The First Amendment offers protection for a wide variety of expressive activities.  <u>See</u> U.S. Const. amend I.  These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct.  <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78,

5

89 (1987).  Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment.  See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).  To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him."  Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225).

The filing of a lawsuit is protected conduct that clearly falls within the ambit of the First Amendment.  See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); see also Allah, 229 F.3d at 224 (noting that it is well settled that "prisoners have a constitutional right to access to the courts").  The First Amendment is implicated in cases in which prisoners allege that they have suffered adverse actions in retaliation for filing lawsuits.  Peterkin v. Jeffes, 855 F.2d 1021, 1036 (3d Cir. 1988); Cook v. Boyd, 881 F. Supp. 171, 176, n. 4 (E.D.Pa. 1995).

There is no question that plaintiff has stated a retaliation claim against defendant Bortner.  That claim, alone, will proceed against defendant Bortner.

## IV. **Conclusion**

In accordance with the foregoing, defendants' motion to dismiss (Doc. 10) will be granted in part and denied in part. An appropriate order follows.

                    S/ Christopher C. Conner
                    CHRISTOPHER C. CONNER
                    United States District Judge

Dated:      August 11, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HORATIO O. GREER,** | : | **CIVIL ACTION NO. 1:07-CV-2248** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **YORK COUNTY PRISON, et al.** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 11th day of August, 2008, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 10) pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED IN PART AND DENIED IN PART.

2. The motion is GRANTED as follows:

   a. All claims are dismissed against defendants York County Prison and Warden Thomas Hogan. The Clerk of Court is directed to TERMINATE these defendants.

   b. The harassment claim against defendant Bortner is dismissed.

3. The motion is DENIED with respect to the retaliation claim against defendant Bortner.

4. Defendant Bortner shall file an appropriate responsive pleading within twenty days of the date of this order.

                                             S/ Christopher C. Conner
                                             CHRISTOPHER C. CONNER
                                             United States District Judge